FILED
U.S. DISTRICT COURT
2012 OCT 15 PM 2:07
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

REIDAR CARROLL ARDEN,

Petitioner,

v.

ANTHONY HAYNES,

Respondent.

CIVIL ACTION NO.: CV212-061

**ORDER**

Petitioner Reidar Carroll Arden ("Arden"), an inmate currently incarcerated at the Federal Satellite Low La Tuna in Anthony, New Mexico, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking credit toward his federal sentence for time served in Brazil from August 12, 2002, through December 17, 2004. (Doc. No. 1, p. 16). Respondent[1] filed a Response, and Arden filed a Traverse. Regarding the merits of Arden's petition, Respondent contends that Arden's writ should be denied because Arden is not entitled to credit for time spent incarcerated in Brazil because that time was credited toward his Brazilian sentence. Documents filed by Arden in support of his claim potentially show that his incarceration in Brazil was, in part, solely due to the United States extradition request.

[1] The Respondent in this case is Anthony Haynes, Warden at the Federal Correctional Institution in Jesup, Georgia, the prison where Arden was incarcerated at the time he filed the instant petition.

By Order dated September 11, 2012, the Court instructed Respondent to show cause why Arden's writ should not be granted. Respondent timely filed a Response; however, Respondent also filed a Notice to the Court wherein he explained that if given time he could obtain more documents in support of his position.

On November 1, 1995, a federal grand jury in the United States District Court for the Southern District of California returned a 1-count indictment against Arden. (Doc. No. 1-1, p. 6–7). That indictment charged Arden with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371, 1343, and 2. (Id.). The alleged conduct that formed the basis of the indictment occurred between April 1994 and January 1995. (Id.).

On August 13, 1998, a federal grand jury in the United States District Court for the Eastern District of Pennsylvania returned a 13-count indictment against Arden. United States v. Arden, 2009 WL 1971392 (E.D. Pa. 2009). That indictment charged Arden with one count of conspiracy to engage in the interstate transportation of stolen securities valued at $5,000 or more, in violation of 18 U.S.C. § 371; four counts of interstate transportation of stolen securities valued at $5,000 or more, in violation of 18 U.S.C. § 2314; and eight counts of concealment money laundering, in violation of 18 U.S.C. § 1956. Id. The eight counts of money laundering occurred between March 1993 and June 1994. Id. Other offenses occurred on May 1, 1994. (Doc. No. 31-1, p. 2).

On August 12, 2002, Arden was detained by Brazilian authorities on charges of violating Brazilian law. (Doc. No. 1-1, pp. 14, 12). On August 20, 2002, the United States Department of Justice Criminal Division Office of Internal Affairs sent a request to the United States Department of State asking the Department of State to send a



\O 72A
Rev. 8/82)

cable to the United States Embassy in Brazil. (Doc. No. 1-1, p. 6–7). The Office of Internal Affairs asked the Department of State to ask the Embassy to request the provisional arrest of Arden for the purpose of extradition to the United States. (Id.). This request for provisional arrest for the purpose of extradition was based on the pending indictment in the Southern District of California. (Id.). On August 22, 2002, the Embassy made such a request. (Doc. No. 1-1, p. 16). On September 10, 2002, the Federal Supreme Court in Brazil decreed the preventive detention requested. (Doc. No. 1-1, p. 8).

The United States' extradition request was approved by Brazil on April 23, 2003. (Doc. No. 1-1, p. 14; Doc. No. 31-2, p. 8). However, because Arden was facing a trial on Brazilian charges, Brazil did not surrender Arden to the United States at that time. (Doc. No. 31-2, p. 8). Arden was detained on the Brazilian charges while awaiting trial. (Id.). On September 8, 2003, Arden was sentenced by the Federal Judge of the 11th District in Brazil to six (6) years of confinement to be fulfilled in semi-open regime for infraction of Brazilian law. (Doc. No. 1-1, p. 12).

An undated Brazilian record, which clearly was written after Arden's September 8, 2003, sentencing, states "[a]t this point, the detention of the foreigner is based solely on the extradition process, and we await its implementation by order of the Federal Supreme Court." (Doc. No. 1-1, p. 14).[2] On November 10, 2004, the Embassy withdrew its request to the government of Brazil for the extradition of Arden.[3] (Doc. No.

[2] This record might be "the government of Brazil's note No. 170 of November 21, 2003, notifying the Embassy of Mr. ARDEN's imprisonment sentence in Brazil." (Doc. No. 1-1, p. 16).

[3] As previously stated, the United States' extradition request was based upon the indictment returned in the Southern District of California. (Doc. No. 1-1, p. 6–7). On November 12, 2004, the government filed a motion to dismiss the indictment, which was granted the same day. United States v. Arden, CR395-1838 (S.D. Cal.), Doc. Nos. 135 and 136.



\O 72A
Rev. 8/82)

1-1, p. 16). On December 15, 2004, the Federal Supreme Court in Brazil issued for Arden a warrant of release. (Doc. No. 1-1, p. 19). Arden was released from his detention at Prof. Olavo Oliveira II Prison on December 17, 2004. (Doc. No. 1-1, pp. 19, 12).

In February 2008, Arden voluntarily returned to the United States. (Doc. No. 1, p. 16). On February 22, 2008, Arden was arrested pursuant to the indictment pending in the Eastern District of Pennsylvania. United States v. Arden, CR298-379, Doc. No. 7. Following a jury trial, on October 28, 2008, Arden was convicted of all 13 counts brought in the 1998 indictment. Id., Doc. No. 69; (See also Doc. No. 31-2, p. 11). Judgment was entered on July 21, 2009, and Arden was sentenced to be imprisoned for a total term of sixty (60) months on each of counts 1 through 5 of the indictment and ninety-six (96) months on each of counts 6 through 13 of the indictment, all terms to be served concurrently for a total term of ninety-six (96) months. (Doc. No. 31-2, pp. 11–12).

Arden filed the instant petition on March 16, 2012. (Doc. No. 1). Arden seeks credit toward his federal sentence for time served in Brazil from August 12, 2002, through December 17, 2004. (Doc. No. 1, p. 16).

The documents submitted in this case do not provide a clear picture of Arden's incarceration status between his sentencing on September 8, 2003, and his release from prison on December 17, 2004. It is clear that he was incarcerated during that time, but the precise reason for that incarceration cannot be gleaned from the submitted documents. The government's sentencing memorandum submitted in Arden's federal criminal case in the Eastern District of Pennsylvania, states that a sentence imposed to be served in a semi-open regime means that the individual is released during the day



AO 72A
(Rev. 8/82)

but confined at night. United States v. Arden, CR298-379, Doc. No. 120, p. 19 n.3. During Arden's federal sentencing, his lawyer explained a semi-open regime as follows: "Which basically means that you could be out during the day and you sign-in at night or spend the weekend in special open regime prisons. Those open regime prisons are much different than the prison that Mr. Arden found himself in." (Doc. No. 48-2, p. 3). Therefore, it is not clear that the duration of Arden's Brazilian incarceration was due to his Brazilian sentence.

The government's sentencing memorandum submitted in Arden's federal criminal case in the Eastern District of Pennsylvania, also states that only a portion of Arden's six (6) year sentence was to be served in that fashion. United States v. Arden, CR298-379, Doc. No. 120, p. 19 n.3. As previously stated in this Report, a Brazilian document submitted in the instant case states simply that Arden's six (6) year sentence is to be served in a semi-open regime. (Doc. No. 1-1, p. 12). Therefore, the Court cannot determine on what date Arden should have been released from a "regular" Brazilian prison and allowed to serve his Brazilian sentence in a semi-open regime. However, there is no doubt that such an arrangement should have come to pass at some point.

The government's sentencing memorandum submitted in Arden's federal criminal case in the Eastern District of Pennsylvania, further states, "[a]ccording to the Brazilian documents, [Arden] served a total of one year, five months, and fourteen days on the Brazilian charges, ending on January 22, 2004." United States v. Arden, CR298-379, Doc. No. 120, p. 19 n.3. "Thus, [Arden] was held solely on the extradition warrant from January 22, 2004, to December 17, 2004, a total of 11 months." Id.



AO 72A
(Rev. 8/82)

No documents filed in the instant case refute the calculation made by the office of the United States Attorney in the Eastern District of Pennsylvania. If Respondent would like to refute that calculation, he may have time to do so. Respondent is hereby ordered to, within fourteen (14) days of the date of this Order, advise the Court as to whether he wants to submit further argument and support for that argument.

**SO ORDERED**, this 15th day of October, 2012.

JAMES E. GRAHAM
UNITED STATE MAGISTRATE JUDGE



AO 72A
(Rev. 8/82)