# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

REIDAR CARROLL ARDEN,                    :
                                         :
                    Petitioner,          :
                                         :
          v.                             :      CIVIL ACTION NO.: CV212-061
                                         :
                                         :
ANTHONY HAYNES,                          :
                                         :
                    Respondent.          :

## ORDER

Petitioner Reidar Carroll Arden ("Arden") filed Objections to the Magistrate Judge's Report dated November 29, 2012, which recommended that Arden's 28 U.S.C. § 2241 petition be granted in part. (Doc. No. 68). Along with his Objections, Arden filed a Motion requesting the Court to order the Bureau of Prisons ("BOP") to consider him for placement into a substance abuse center.[1] (Doc. No. 69). Respondent also filed Objections to the Magistrate Judge's Report. (Doc. No. 73). Additionally, Respondent filed a Response to Arden's Objections and Motion. (Id.).

The Magistrate Judge's Report provides a detailed timeline of events derived from the piecemeal documentation provided. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. A rehashing of events, credit calculation, and previously-made

---

[1] Arden also filed a Motion to attach documents to his Objections and Motion. (Doc. No. 72). That Motion is **GRANTED**.

arguments is not warranted. However, three specific arguments brought in Respondent's Objections need to be addressed.

First, Respondent asserts that the Magistrate Judge improperly assumed that Arden's Brazilian sentence "was to be completely served in semi-open regime when [the Court] admits that there is no evidence to verify that conclusion." (Doc. No. 73, p. 4). A reading of the Report clearly shows that no such assumption was made. (See Doc. No. 64, pp. 4, 8–9, 10).

Second, Respondent asserts that the Magistrate Judge "has accepted the description of both the United States Attorney for the Eastern District of Pennsylvania as well as Arden's lawyer at sentencing, which is that semi-open regime involves a prisoner being out during the day and checking in or being confined at night." (Doc. No. 73, p. 5). Again, a reading of the Report clearly shows that the Magistrate Judge did not accept that description of "semi-open regime." (See Doc. No. 64, p. 8).

Third, Respondent asserts that because Arden was not on extradition hold as a result of the charges for which he was ultimately convicted, Arden cannot receive credit for the period during which he was incarcerated solely as a result of the extradition warrant. Respondent argues that because the indictment under which Arden's extradition warrant was granted was later dismissed, "there is no sentence in which this eleven month period can be credited to." (Doc. No. 73, p. 7). Respondent cites Palmer v. Dugger, 833 F.2d 253 (11th Cir. 1987), wherein the Court of Appeals for the Eleventh Circuit considered a state prisoner's request for credit, in support of his argument. However, Palmer is inapplicable to the instant case because § 3585(b) applies "only to sentences imposed for violations of federal—not state—law." Burgest

AO 72A
(Rev. 8/82)

v. Head, 2008 WL 269637 (S.D. Ga. 2008) (citing 18 U.S.C. § 3551(a)). Because Palmer was not decided within the § 3585(b) framework, it is not instructive. Contrary to Respondent's assertion, § 3585(b) credit can be given toward a federal sentence for time the petitioner is held on a charge unrelated to that sentence, even if the charge on which the petitioner is held is ultimately dismissed. See Taylor v. U.S. Bureau of Prisons, 2012 WL 1549925 (N.D. Fla. 2012). Both parties' Objections are overruled.

"The Bureau of Prisons shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). It is not for this Court to decide that Arden should be housed in a substance abuse center. Arden's Motion, (Doc. No. 69), is **DENIED**.

Both parties' Objections to the Magistrate Judge's Report and Recommendation, (Doc. Nos. 68 and 73), are without merit and are **overruled**. Arden's 28 U.S.C. § 2241 petition is **GRANTED in part**, as recommended by the Magistrate Judge.

**SO ORDERED**, this 16 day of _____January_____, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)